IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 18-CR-30068 |
| RICKY SQUIRES, | ) ) ) |
| Defendant. | ) |

## RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER

COMES NOW the United States of America, by John C. Milhiser, United States Attorney for the Central District of Illinois, and Assistant United States Attorney Crystal C. Correa, and hereby files this response to Defendant's motion to reconsider and states the following:

1. On December 4, 2018, a grand jury returned an indictment against the defendant charging the defendant with the knowing and intentional possession with intent to distribute a controlled substance, namely 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B).

2. On December 17, 2018, the defendant was arraigned on the

1

charges and a detention hearing took place. The defendant was detained. d/e 12/17/19.

3. On January 29, 2019, the Defendant filed a Motion to Reconsider Detention Order. R.10.

4. On January 31, 2019, the Court directed the government to respond to the defendant's motion to reconsider detention. d/e 1/31/19.

## ARUGMENT

The defendant seeks reconsideration of his detention on the basis that the defendant requires inpatient drug treatment and can obtain such drug treatment through the Salvation Army. As noted in the defendant's attached letter from the Director of Rehabilitation Services, the Salvation Army's program is not a treatment program, but a "long term residential drug and alcohol rehabilitation work therapy program."

According to Probation, the Salvation Army is not a residential drug treatment program and they do not provide drug treatment services. Probation considers the Salvation Army Program an inappropriate placement for someone requiring intensive drug treatment. The government agrees.

When this court made a determination as to whether the defendant

should be detained, the court considered the factors set out in 18 U.S.C. 3142(g) to determine if any conditions of release would ensure the defendant's appearance or protect the safety of the community.

The defendant's motion to reconsider outlines some of the same arguments made during the detention hearing. The defendant is a lifelong resident of Quincy, Illinois with substantial ties to the community. R.10, p.2. The government does not dispute that, in fact, based on the defendant's criminal history, it is clear that the defendant has a long history in Quincy. The defendant's criminal history dates back to 2006 and ranges from arrests for DUI, to convictions for purchasing methamphetamine precursors, charges of aggravated methamphetamine manufacturing (where children were present), and possessing methamphetamine precursors.

In addition to the defendant's meth related convictions, in 2018, prior to the defendant's October 2018 drug arrest, the defendant had a pending domestic battery case under Adams County docket number 18-CM-191. The victim in that case—the defendant's high school sweetheart and mother of his children. That case was ultimately dismissed on January 16, 2019.

Defense counsel notes that the defendant has had minimal gaps in his employment, but the fact that the defendant has been able to maintain both

3

employment and criminal activity should not serve as a factor in the defendant's favor. In spite of the defendant's employment, he has continued to participate in methamphetamine use and distribution.

Moreover, the defendant's assertion that his drug use somehow negates the fact that he was caught in possession of over 55 grams of methamphetamine and therefore is not liable for a (b)(1)(B) sentence is truly an issue for jury determination and should not factor into this motion to reconsider. As it currently stands, the defendant is charged with and possessed enough controlled substances to be charged with possession with intent to distribute methamphetamine.

Lastly, the defendant's forced sobriety and sudden realization that he may face a significant prison sentence having now been charged federally, is not alone indicative that someone is truly committed to change.

Nothing about the defendant's history, the facts of this case, nor the availability of a program that is not even appropriate for the defendant who admits to being a "long-time drug addict" merits reconsideration of the defendant's detention.

Therefore, the government asks this Court to deny the defendant's motion to reconsider.

>Respectfully submitted,
>
>JOHN C. MILHISER
>UNITED STATES ATTORNEY
>
>*/s/ Crystal C. Correa*
>Crystal C. Correa,
>IL Bar No. 6307734
>U.S. Attorney's Office
>318 South 6th Street
>Springfield, IL   62701
>Telephone: 217/492-4450
>Crystal.Correa@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Joe Hartzler

>*/s/ Crystal C. Correa*
>Crystal C. Correa
>Assistant United States Attorney